UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

05   10298 RWZ

MAKIKO YAMASHITA,

    Plaintiff,

v.

KAIJU STUDIOS LLC, DAVID BORDEN,
RANDY BORDEN AND FENWAY
RECORDINGS

    Defendants.

Civil Action No.

## COMPLAINT; JURY DEMAND

For its Complaint, Plaintiff Makiko Yamashita alleges as follows:

### The Parties

1. The Plaintiff Makiko Yamashita ("Ms. Yamashita") is a musical composer, arranger, and producer living in Boston, Massachusetts and residing at 1111 Boylston St, #42, Boston, MA 02215.

2. Defendant Studio Kaiju LLC ("Studio Kaiju") upon information and belief is a Massachusetts corporation, having its principal place of business at 325 Huntington Ave., Suite 101, Boston, MA 02115.

3. Defendant David Borden ("D. Borden") upon information and belief is an owner and the C.E.O. of Studio Kaiju LLC, located at 325 Huntington Ave., Suite 101, Boston, MA 02115.

4. Defendant Randy Borden ("R. Borden") upon information and belief, is an owner/officer and the Creative Director of Kaiju Studios LLC, located 325 Huntington Ave., Suite 101, Boston, MA 02115.

5. Defendants Studio Kaiju, R. Borden, and D. Borden will be referred to collectively as the "Kaiju Defendants."

6. Defendant Fenway Recordings ("Fenway") upon belief and information, is a Massachusetts corporation, having its principal place of business at 33 Richdale Ave., Cambridge, MA 02140.

## Jurisdiction and Venue

7. The acts and practices complained of herein occurred substantially and primarily in the Commonwealth of Massachusetts. The Court has jurisdiction over the parties, who all reside or have a principal place of business in Massachusetts.

8. The Court has exclusive subject matter jurisdiction over the copyright claims in this Complaint under 28 U.S.C. § 1338(a) and 17 U.S.C. § 301(a) and has supplemental jurisdiction over the state law claims which arise from the same nucleus of operative facts, transactions and occurrences as the substantially related federal claims under 28 U.S.C. § 1367(a).

9. Venue is proper in this jurisdiction and district under 28 U.S.C. § 1400(a) as Defendants David Borden and Randy Borden reside within the district, as do defendant corporations Studio Kaiju and Fenway Recordings according to 28 U.S.C. § 1391(c), as they are subject to personal jurisdiction by virtue of having their principal places of business within the district.

## Factual Allegations

10. Plaintiff Ms. Yamashita is a 2000 graduate of the Berklee College of Music, Boston, Massachusetts. She is a well-respected independent artist, musical composer, arranger and producer, specializing in Japanese pop culture music.

11. Defendant Studio Kaiju is a performance and media group and the creator of live and recorded "monster wrestling" spectacle events, which are a hybrid of American professional wrestling and Japanese monster movies. Studio Kaiju has been in business since at least 2001.

12. Studio Kaiju distributes merchandising related to the monster wrestling spectacle events in forms including VHS and DVDs, trading cards, and lunch boxes. Studio Kaiju also

2

has a website, www.kaiju.com, which has been maintained since at least 2001. A picture from Studio Kaiju's website is depicted below:



13. In September 2001, R. Borden, in his personal and professional capacity, asked Ms. Yamashita to provide a musical demonstration for potential use in the accompaniment of a monster wrestling event entitled "Kaiju Big Battel" produced by Studio Kaiju.

14. In November 2001, Ms. Yamashita provided to R. Borden a demonstration track of music for use in the accompaniment of "Kaiju Big Battel." Mr. Borden expressed his satisfaction with the demonstration track and asked Ms. Yamashita to compose all the music to be used for all Kaiju live performances, video clips and video scoring.

15. R. Borden stated that several record companies had offered compact disc projects and that he personally would suggest that Ms. Yamashita receive all the proceeds from the Kaiju music in return for composing the score, which would include about 12 songs and incidental music.

16. Ms. Yamashita took her estimate for writing the score to D. Borden, along with the demonstration track. After listening to the demonstration track and receiving the estimate, D.

Borden asked Ms. Yamashita to compose, write, arrange, record and produce musical songs to be used in the accompaniment of "Kaiju Big Battel" video.

17. Ms. Yamashita understood that the score would be included on videotapes and would be used at live events. No other uses or distributions were suggested by R. Borden or agreed to by Ms. Yamashita.

18. Ms. Yamashita thereafter, composed, wrote, arranged, recorded and produced a compact disk including ten songs, titled "The Kaiju Music for Kaiju Big Battel."

19. Ms. Yamashita delivered the CD titled "The Kaiju Music for Kaiju Big Battel," including the songs described above, to the Kaiju Defendants.

20. Although the Kaiju Defendants did not pay Ms. Yamashita upon receipt of the produced music, they confirmed their promise to compensate her for her work as an independent artist, composer, arranger and producer.

21. R. Borden indicated to Ms. Yamashita that she would be paid a fair value for the music delivered.

22. The Kaiju Defendants thereafter used the music from "The Kaiju Music for Kaiju Big Battel", in videos and performances.

23. The Kaiju Defendants have never paid Ms. Yamashita for her costs and expenses incurred in the composition, writing, arrangement, recording and production of said music delivered to Studio Kaiju as promised.

24. Without permission, Studio Kaiju placed Ms. Yamashita's entire score for "The Kaiju Music for Kaiju Big Battel" on their website starting on February 15, 2002, at www.kaiju.com, in a downloadable version, and invited customers who accessed the website to listen to it, download it and save it in perpetuity.

25. Studio Kaiju promoted Ms. Yamashita's music along with Studio Kaiju's property and merchandise including but not limited to music video clips, DVDs, trailers, commercials and performance shows.

26. In March 2002, Fenway Recordings, a recording studio promoting independent musical artists of multi-faceted musical genres including but not limited to merchandising, promoting and advertising musical talent, expressed an interest in Ms. Yamashita's music to her and to Studio Kaiju.

27. Ms. Yamashita provided an estimate for the production of 12 songs, which included compensation of $1000 per song, but Fenway did not contract with Ms. Yamashita for this work.

28. Instead, in October 2002, without permission, Fenway released the album "Revenge of Boston" which included Ms. Yamashita's copyrighted song, "Los Plantanos theme song," from the prior score of "The Kaiju Music for Kaiju Big Battel." The "Los Plantanos theme song" has been posted on Fenway's website, www.fenwayrecords.com, without permission, in its entirety since approximately the same time in 2002.

29. On information and belief, Fenway obtained this song from the Kaiju Defendants.

30. Fenway has not paid Ms. Yamashita any royalties for use of the copyrighted music.

31. Ms. Yamashita duly and timely registered "The Kaiju Music for Kaiju Big Battel," copyright registration number SRU494669, dated April 3, 2002.

32. Ms. Yamashita is the owner of the copyright in and to the music included in "The Kaiju Music for Kaiju Big Battel," and is also the owner of the copyright registration for "The Kaiju Music for Kaiju Big Battel," which includes "Los Plantanos theme song."

## Count I

### (Copyright Infringement—All Defendants)

33. Plaintiff repeats and incorporates by reference the allegations of paragraphs 1 through 32 above.

34. Ms. Yamashita owns the music which she composed, arranged, recorded and produced. Ms. Yamashita has at no time relinquished any ownership rights in her copyright of "The Kaiju Music for Kaiju Big Battle."

35. Ms. Yamashita has obtained a copyright registration for "The Kaiju Music for Kaiju Big Battle," and has not relinquished any ownership rights in her copyright registration of "The Kaiju Music for Kaiju Big Battle."

36. The Kaiju Defendants published Ms. Yamashita's musical recordings on their website www.kaiju.com without permission of Ms. Yamashita, the copyright owner.

37. The Kaiju Defendants knew that Defendant Fenway Recordings' planned to use, copy and distribute "Los Plantanos theme song." The Kaiju Defendants, upon information and belief, gave, sold or licensed Fenway Recordings a copy of "Los Plantanos theme song," without permission of Ms. Yamashita, the copyright owner, materially contributing to the infringement of the copyrighted work "The Kaiju Music for Kaiju Big Battel." This constitutes infringement under 17 U.S.C. § 106.

38. Defendant Fenway Recordings copied "Los Plantanos theme song," from "The Kaiju Music for Kaiju Big Battle" by including it on a compact disc which it sold under the name "Revenge of Boston," and distributed copies to the public, without authorization of the copyright owner.

39. The acts of defendants alleged above constitute infringement of the copyright in and to the registered work "The Kaiju Music for Kaiju Big Battel" and inducement of copyright infringement under 17 U.S.C. § 106.

40. Upon information and belief, the acts of Defendants were committed willfully and in disregard of Plaintiff's known rights, entitling Plaintiff to her damages and Defendants' profits from infringing or, at her election, increased statutory damages of up to $150,000 per work infringed. Plaintiff is also entitled to her costs and attorneys' fees of this action pursuant to 17 U.S.C. § 505.

## Count II

### (Breach of Contract—The Kaiju Defendants)

41. Plaintiff repeats and incorporates by reference the allegations of paragraphs 1 through 40, above.

42. Ms. Yamashita offered to prepare and deliver to the Kaiju Defendants a score for the "Kaiju Big Battel" video, and the Kaiju Defendants promised to pay Ms. Yamashita fair value.

43. Plaintiff Ms. Yamashita performed her obligations under the agreement. The Kaiju Defendants did not pay Ms. Yamashita.

44. A valid contract was created by the mutual promises of the parties and the performance of Ms. Yamashita.

45. Ms. Yamashita is entitled to her expectation damages as a result of Defendants' breach of contract.

## Count III

### (Promissory Estoppel—The Kaiju Defendants)

46. Plaintiff repeats and incorporates by reference the allegations of paragraphs 1 through 45, above.

47. The Kaiju Defendants actions and statements to Ms. Yamashita that she would be paid fair value for the agreed use of the score reasonably induced Ms. Yamashita to compose, write, arrange, record, and produce the score and to deliver it to the Kaiju Defendants, who then used the score for commercial purposes without compensation to Ms. Yamashita.

48. The Kaiju Defendants' promise of payment of fair value on behalf of Studio Kaiju is binding because otherwise Plaintiff Ms. Yamashita would suffer an injustice.

49. Defendants are estopped by their conduct to dispute the existence of a binding and valid contract.

50. Ms. Yamashita is entitled to her expectation and/or reasonable reliance damages as a result of Defendants' breach.

### Count IV

### (Unjust Enrichment—The Kaiju Defendants)

51. Plaintiff repeats and incorporates by reference the allegations of paragraphs 1 through 49.

52. The Kaiju Defendants are unjustly enriched by their acceptance of the score, "The Kaiju Music for Kaiju Big Battel" without compensation.

53. Ms. Yamashita has suffered injury by the actions of the Kaiju Defendants and is entitled to reimbursement for her expenses and for the reasonable value of her time.

54. The Kaiju Defendants should therefore reimburse Ms. Yamashita for her expenses and disgorge their profits to her.

### Count VII

### (M.G.L. ch. 93A §11—All Defendants)

55. Plaintiff repeats and incorporates by reference the allegations of 1 through 53, above.

56. Defendants Studio Kaiju and Fenway and Ms. Yamashita are engaged in trade or commerce in the Commonwealth of Massachusetts.

57. The acts and practices complained of occurred primarily and substantially in the Commonwealth of Massachusetts.

58. Defendant Studio Kaiju knowingly promised to pay for and accepted the musical recording compilation from Ms. Yamashita which she composed, arranged, wrote, recorded and produced. Defendant Fenway knew or should have known that Ms. Yamashita was the owner of the copyright in the musical works.

59. Without the knowledge or permission of Ms. Yamashita and without compensating her, Defendant Studio Kaiju and Defendant Fenway entered into a licensing and distribution agreement for the use of Ms. Yamashita's copyrighted musical recordings.

60. Ms. Yamashita was injured because she paid the expenses for composing, arranging, recording and producing the score and because she did not receive the compensation promised her by Defendant Studio Kaiju or any royalty payments due from Defendant Fenway.

61. Such actions of Defendants Studio Kaiju and Fenway were unfair and deceptive trade practices which were material, undertaken willingly and knowingly and which caused proximate damage to Ms. Yamashita in violation of M.G.L. ch. 93A § 11.

62. Ms. Yamashita is entitled to damages from Defendants' unfair competition, trebled, Defendants' profits in addition to Ms. Yamashita's damages, and her reasonable attorneys' fees.

### Prayer for Relief

WHEREFORE, Plaintiff respectfully prays that this Court:

(1) Enter judgment in favor of Plaintiff and against Defendants on each count of the Complaint;

(2) Preliminary and permanently enjoin Defendants from publishing, posting, copying, offering to copying, or otherwise distributing Plaintiff's copyrighted works, including all versions thereof;

(2) Order the Kaiju Defendants to account for and pay to Plaintiff all gains, profits and savings derived from its breach of contract;

(3) Order the Kaiju Defendants to reimburse Plaintiff for her expenses incurred in the writing, composing, arranging, and producing of "The Kaiju Music for Kaiju Big Battle;"

(5) Award Plaintiff her damages, or at her election, her statutory damages, for copyright infringement, including increased statutory damages for willful copyright infringement;

(7) Award Plaintiff the damages sustained by Plaintiff as a result of Defendant's unfair or deceptive acts or trade practices;

(8) Award Plaintiff treble the damages sustained by plaintiff as a result of Defendant's illegal conduct because of Defendant's willful unfair or deceptive acts or trade practices in violation of M.G.L. ch. 93A;

(9) Award Plaintiff her attorneys' fees as part of her reasonable costs pursuant to 17 U.S.C. Section 505 and pursuant to M.G.L. ch. 93A;

(10) Award Plaintiff such other relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff demands trial by jury on all issues triable thereby.

Respectfully submitted,

Dated: February 14, 2005

_____
Heidi E. Harvey (#548114)
FISH & RICHARDSON P.C.
225 Franklin Street
Boston, MA  02110-2804
Telephone:  (617) 542-5070

21017728.doc

§ JS 44   (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Thomas Cashman

(b) County of Residence of First Listed Plaintiff   **Norfolk**
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)   Kathleen Cross, Hanify & King, One Beacon St., Boston, MA 02108 (617) 423-0400

## DEFENDANTS

International Business Machines Corporation

County of Residence of First Listed Defendant   **New York**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)   Joan Ackerstein, Jackson Lewis LLP, 75 Park Plaza, Boston, MA 02116 (617) 367-0025

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

- ☐ 1   U.S. Government Plaintiff
- ☐ 3   Federal Question (U.S. Government Not a Party)
- ☐ 2   U.S. Government Defendant
- ☒ 4   Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN   (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. Sec. 1332

Brief description of cause:   The court has original jurisdiction over this civil action because there is diversity of citizenship.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ potential recovery exceeds $75,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE   2/15/05

SIGNATURE OF ATTORNEY OF RECORD   Joan Ackerstein

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Thomas Cashman v. International Business Machines Corporation, et al.__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ☐ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ☐ II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,     *Also complete AO 120 or AO 121
          740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.        for patent, trademark or copyright cases

   ☒ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
          315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
          380, 385, 450, 891.

   ☐ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
          690, 810, 861-865, 870, 871, 875, 900.

   ☐ V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   __None.__

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

   YES ☐     NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)

   YES ☐     NO ☒

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

   YES ☐     NO ☒

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

   YES ☐     NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

   YES ☒     NO ☐

   A. If yes, in which division do all of the non-governmental parties reside?

      Eastern Division ☒     Central Division ☐     Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

      Eastern Division ☐     Central Division ☐     Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

   YES ☐     NO ☒

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Joan Ackerstein__
ADDRESS __Jackson Lewis LLP, 75 Park Plaza, Boston, MA  02116__
TELEPHONE NO. __(617) 367-0025__

(Coversheetlocal.wpd - 10/17/02)

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) Yamashita v. Kaiju Studios, LLC.

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LIST ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1))

   I.   160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.

   II.  195, 368, 400, 440, 441-444, 540, 550, 625, 710, 720, 730,
        740, 790, 791, 820, 830, 840, 850, 890, 892-894, 895, 950.

   III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
        315, 3320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
        380, 385, 450, 891.

   IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
        690, 810, 861-865, 870, 871, 875, 900.

   V.   150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OR RELATED CASES. (SEE LOCAL RULE 40.1(E))

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?   NO

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST?   NO

   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY? (SEE 28 USC 2403)

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC 2284?   NO

7. DO ALL OF THE PARTIES RESIDING IN MASSACHUSETTS RESIDE IN THE SAME   YES
   DIVISION ?

   (a) IF YES, IN WHICH SECTION DO ALL THE   EASTERN DIVISION
       PARTIES RESIDE?

9. IF ANY OF THE PARTIES ARE THE UNITED STATES, COMMONWEALTH OF _____ MASSACHUSETTS, OR ANY GOVERNMENTAL AGENCY OF THE U.S.A. OR THE COMMONWEALTH, DO ALL OTHER PARTIES RESIDE IN THE CENTRAL SECTION

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  Heidi Harvey, Esq.

ADDRESS  Fish &Richardson, P.C., 225 Franklin Street, Boston, MA 02110

TELEPHONE NO.  (617) 542-5070

(COVER.SHT-08/90)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
M.

(b) County of Residence of First Listed Plaintiff Suffolk
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorneys (Firm Name, Address, and Telephone Number)
Heidi E. Harvey
Fish & Richardson P.C.
225 Franklin Street
Boston, MA 02110-2804
(617) 542-5070

**DEFENDANTS**

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1. U.S. Government Plaintiff
- ☐ 2. U.S. Government Defendant
- X 3. Federal Question (U.S. Government Not a Party)
- ☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury- Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | X 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 850 Securities/ Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth In Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | |
| ☐ 195 Contract Product Liability | ☐ 385 Property Damage Product Liability | | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| | ☐ 360 Other Personal Injury | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| | | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence Habeas Corpus: | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / ☐ 530 General | ☐ 790 Other Labor Litigation | | |
| ☐ 240 Torts to Land | ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS – Third Party 26 USC 7609 | |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights / ☐ 550 Civil Rights | | | ☐ 890 Other Statutory Actions |
| | ☐ 555 Prison Condition | | | |

**V. ORIGIN** (PLACE "X" IN ONE BOX ONLY)

- X 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 USC § 1338(a) and 17 USC § 301(a) – Copyright Infringement

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
Demand: $
CHECK YES only if demanded in Complaint
JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See Instructions)
JUDGE
DOCKET NUMBER

DATE: 2/14/05
SIGNATURE OF ATTORNEY OF RECORD
TYPE NAME OF ATTORNEY: Heidi E. Harvey

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____